IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02668-BNB

TRAVIS STEWART HODSON,

      Plaintiff,

v.

DISTRICT COURT,
CATHERINE WALKER,
KAREN SALEZ,
JAMES R. HARTMAN,
KENNETH R. BUCK,
KEVIN NELAN,
JOHN COOKE,
ROBYN JUBA,
ESPERANZA ORTIZ,
GABE REIMER, and
THOMAS JAMES QUAMMEN,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Travis Stewart Hodson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado.  Mr. Hodson initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 that his rights to due process and to be free of cruel and unusual punishment under the United States Constitution have been violated.  He has paid the $350.00 filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Hodson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hodson will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

First, Mr. Hodson is suing an improper party. Regardless of the relief sought, Plaintiff may not sue the Weld County District Court. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of*

2

*State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th

Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its

Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by

Congress, the amendment provides absolute immunity from suit in federal courts for

states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584,

588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med.*

*Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh

Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.

1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment

immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh

Amendment applies to all suits against the state and its agencies, regardless of the

relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th

Cir. 2003).

Mr. Hodson asserts four interrelated claims.  As his first claim, he complains that,

during his criminal trial proceedings, Defendants ordered his placement in the Colorado

State Hospital for an involuntary mental-health evaluation, despite the fact he did not

claim to be mentally challenged or wish to claim insanity.  As his second claim, he

complains about his placement in a special unit at the Weld County Jail under a mental-

health watch.  In his third claim, he complains that, as part of the criminal case against

him, he was required to submit to a pre-sentence investigation report and, on

sentencing, he was placed on a mental-health probation requiring him to take

medication or risk revocation of parole.  As his fourth and final claim, he complains of

excessive force for being subjected to a psychological evaluation.  He also complains

he was falsely arrested and that the evidence during his state-court trial was fabricated. He apparently is suing the district court where he was convicted, court employees, and other individuals involved in his criminal proceedings.  He asks for declaratory relief and money damages.

In order to state a claim in federal court, Mr. Hodson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Hodson also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Hodson should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Hodson must show that each defendant caused the deprivation of a

4

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.

Mr. Hodson's claims for money damages based on an alleged false arrest, the fabrication of evidence at his criminal trial, and his sentencing as it pertains to his current incarceration, may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his criminal

5

conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  Mr. Hodson does not allege that he has invalidated his conviction or sentence that pertain to the incident at issue. Therefore, the claims for damages challenging the validity of his criminal conviction may be barred by *Heck*.

Mr. Hodson's sole federal remedy to challenge his criminal conviction or obtain his release from incarceration is a writ of habeas corpus, after he has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Accordingly, it is

ORDERED that Plaintiff, Travis Stewart Hodson, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Hodson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Hodson fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge